# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BARRY C. McANARNEY, as he is EXECUTIVE
DIRECTOR, MASSACHUSETTS LABORERS' HEALTH
AND WELFARE FUND, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LABORERS'
ANNUITY FUND; and JAMES V. MERLONI, JR., as he is
ADMINISTRATOR, NEW ENGLAND LABORERS'
TRAINING TRUST FUND and TRUSTEE,
MASSACHUSETTS LABORERS' LEGAL SERVICES FUND,          C.A. No.
          Plaintiffs,

          vs.

UNIVERSAL CONSTRUCTION SERVICES, INC. in its own
name and d/b/a MANNY CONSTRUCTION CO., ANA'S
COMMERCIAL CLEANING, INC., GOMES COMMERCIAL
CLEANING, INC. and UCS, INC.; JSX CONSTRUCTION
COMPANY, INC. a/k/a JSX CONSTRUCTION COMPANY
CORP. and CAPITAL CONSTRUCTION CLEANING
SERVICES, INC.,
          Defendants,

          and

SUFFOLK CONSTRUCTION COMPANY, INC.,
WALSH BROTHERS INCORPORATED, BOVIS LEND
LEASE LMB, INC., TISHMAN CONSTRUCTION
CORPORATION OF MASSACHUSETTS, KIRKLAND
CONSTRUCTION CO., INC., SHAWMUT WOODWORKING
& SUPPLY, INC. d/b/a SHAWMUT DESIGN AND
CONSTRUCTION, WILLIAM A. BERRY & SON, INC. and
TIMBERLINE CONSTRUCTION CORP.,
          Reach-and-Apply Defendants,

          and

CITIZENS BANK, CENTURY BANK and BANK OF
AMERICA,
          Trustees.

## VERIFIED COMPLAINT

## NATURE OF ACTION

1.      This is an action brought pursuant to §§502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and

1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C.

§185, by employee benefit plans to enforce the obligations to make contributions and pay

interest due to the plans under the terms of collective bargaining agreements and the plans.

## JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f)

of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C.

§185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiff Barry C. McAnarney is the Executive Director of the Massachusetts

Laborers' Health and Welfare Fund.  The Massachusetts Laborers' Health and Welfare Fund is

an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3).

It provides health, dental and prescription benefits and life insurance, accident insurance, and

accident and sickness benefits to participants.  The Fund is administered at 14 New England

Executive Park, Burlington, Massachusetts, within this judicial district.

4.      Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts

Laborers' Pension Fund.  The Massachusetts Laborers' Pension Fund is an "employee pension

benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  It provides

participants with a defined pension benefit.  The Fund is administered at 14 New England

Executive Park, Burlington, Massachusetts, within this judicial district.

5.      Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Annuity Fund.  The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  This Fund is a defined contribution fund.  The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6.      Plaintiff James V. Merloni, Jr. is the Administrator of the New England Laborers' Training Trust Fund.  The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  This Fund trains apprentices and journey workers in the construction industry.  The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7.      Plaintiff James V. Merloni, Jr. is also a Trustee of the Massachusetts Laborers' Legal Services Fund.  The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

8.      The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37).  They are hereinafter collectively referred to as "the Funds."  The Funds are third party beneficiaries of the collective bargaining agreements between Defendant Universal Construction Services, Inc. (hereinafter "Universal") and the Massachusetts Laborers' District Council ("MLDC") and between Defendant Universal and the Maine New Hampshire and Vermont Laborers' District Council ("MNHVLDC").

9.      Defendant Universal is a Massachusetts corporation with a principal place of business at 34 Broadway, Wakefield, Massachusetts 01880, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.  On information and belief, it operates both as a general contractor and as a sub-contractor, providing demolition and cleaning services on construction sites.

10.     Jaime P. Ford is the President, Secretary, Treasurer, Chief Executive Officer and Chief Financial Officer of Universal.  He resides at 42 Stillman Road, Lynnfield, Massachusetts 01940.

11.     Upon information and belief, Universal is also doing business as Manny Construction Co. (hereinafter "Manny").  Upon further information and belief, Manny is not registered with the Secretary of State Corporations Division as an entity doing business in Massachusetts.

12.     Upon information and belief, Universal is also doing business as Ana's Commercial Cleaning, Inc. (hereinafter "Ana's").  Upon further information and belief, Ana's is not registered with the Secretary of State Corporations Division as an entity doing business in Massachusetts.

13.     Upon information and belief, Universal is also doing business as Gomes Commercial Cleaning, Inc. (hereinafter "Gomes").  Upon further information and belief, Gomes is not registered with the Secretary of State Corporations Division as an entity doing business in Massachusetts.

14.     Upon information and belief, Universal is also doing business as UCS, Inc. (hereinafter "UCS").  UCS lists an address at 42 Stillman Road, Lynnfield, Massachusetts

01940.  UCS is not registered with the Secretary of State Corporations Division as an entity doing business in Massachusetts.

15.     Defendant JSX Construction Company, Inc. a/k/a JSX Construction Company Corp. (hereinafter "JSX") is registered with the Massachusetts Secretary of State Corporations Division as a Massachusetts corporation with a principal place of business listed as 6 Albion Street, Medford, Massachusetts 02155, the home address of its sole corporate officer Joao da Silva Xavier.  Upon information and belief, Universal is using JSX to pay Universal employees in order to evade Universal's obligations to remit contributions to the Funds on behalf of Universal employees.

16.     Defendant Capital Construction Cleaning Services, Inc. (hereinafter "Capital") is registered with the Massachusetts Secretary of State Corporations Division as a Massachusetts corporation with a principal place of business at 35 Baldwin Avenue, Everett, Massachusetts 02149.  Upon information and belief, Universal is using Capital to pay Universal employees in order to evade Universal's obligations to remit contributions to the Funds on behalf of Universal employees.

17.     Upon information and belief, Citizens Bank is a banking institution holding assets of Defendant Universal, in its own name and as it is doing business as Ana's and Gomes, and of Defendant JSX.

18.     Upon information and belief, Century Bank is a banking institution holding assets of Defendant Universal, in its own name and as it is doing business as Manny.

19.     Upon information and belief, Bank of America is a banking institution holding assets of Defendant Capital.

20.     Reach-and-Apply Defendant Suffolk Construction Company, Inc. (hereinafter "Suffolk") is a Massachusetts corporation with a principal place of business at 65 Allerton Street, Boston, Massachusetts 02119.  On information and belief, Suffolk owes money to Universal.

21.     Reach-and-Apply Defendant Walsh Brothers Incorporated (hereinafter "Walsh") is a Massachusetts corporation with a principal place of business at 210 Commercial Street, Boston, Massachusetts 02109.  On information and belief, Walsh owes money to Universal.

22.     Reach-and-Apply Defendant Bovis Lend Lease LMB, Inc. (hereinafter "Bovis") is a New York corporation with a principal place of business at 5909 Peachtree Dunwoody Road, Suite 500, Atlanta, Georgia 30328.  Its registered agent is CT Corporation System, located at 155 Federal Street, Suite 700, Boston, MA 02110.  On information and belief, Bovis owes money to Universal.

23.     Reach-and-Apply Defendant Tishman Construction Corporation of Massachusetts (hereinafter "Tishman") is a Massachusetts corporation with a principal place of business at 666 Fifth Avenue, New York, NY 10103.  Its registered agent is Corporation Services Company, located at 84 State Street, Boston, Massachusetts 02109.  On information and belief, Tishman owes money to Universal.

24.     Reach-and-Apply Defendant Kirkland Construction Co., Inc. (hereinafter "Kirkland") is a Massachusetts corporation with a principal place of business at 180 Franklin Street, Cambridge, Massachusetts 02139.  On information and belief, Kirkland owes money to Universal.

25.     Reach-and-Apply Defendant Shawmut Woodworking & Supply, Inc. d/b/a as Shawmut Design and Construction (hereinafter "Shawmut") is a Massachusetts corporation with

a principal place of business at 560 Harrison Avenue, Boston, Massachusetts 02139.  On

information and belief, Shawmut owes money to Universal.

      26.     Reach-and-Apply Defendant William A. Berry & Son, Inc. (hereinafter "Berry")

is a Massachusetts corporation with a principal place of business at 99 Conifer Hill Drive,

Danvers, Massachusetts 01923.  On information and belief, Berry owes money to Universal.

      27.     Reach-and-Apply Defendant Timberline Construction Corp. (hereinafter

"Timberline") is a Massachusetts corporation with a principal place of business at 300 Pine

Street, Canton, Massachusetts 02021.  On information and belief, Timberline owes money to

Universal.

## GENERAL ALLEGATIONS OF FACT

### *The Memorandum of Agreement*

      28.     On or about August 13, 2001, Universal signed a Memorandum of Agreement,

effective August 13, 2001 through May 31, 2004, in which it agreed in writing to be bound to the

terms of eight collective bargaining agreements entered into by, respectively, the Rhode Island

Laborers' District Council, the Massachusetts Laborers' District Council, the Connecticut

Laborers' District Council and the Maine New Hampshire and Vermont Laborers' District

Council (collectively, "the District Councils") on behalf of their local unions, and various

contractors and construction associations throughout the District Councils' territorial

jurisdiction.  Universal further agreed that the collective bargaining agreements would remain in

effect after May 31, 2004, if no notice of termination was given.  A copy of that Memorandum of

Agreement is attached hereto as Exhibit A.  No such notice of termination has been given.

***The Massachusetts CBAs and Amounts Due for Hours Worked Thereunder by Unreported Universal Employees***

29.     Pursuant to its having signed the Memorandum of Agreement, Universal became bound to the terms of the Building and Site Agreement between the MLDC and Associated General Contractors of Massachusetts, Inc. and Building Trades Employers' Associated of Boston and Eastern Massachusetts, Inc. (hereinafter "the MLDC Agreement" or "CBA"); the Building and Site Agreement between the MLDC and Construction Industry Association of Western Massachusetts, Inc.; and the Agreement between the MLDC and General Contractors' Association of Pittsfield, Massachusetts.  Copies of the relevant pages of the 2004 - 2008 and 2008 - 2012 MLDC Agreements are attached hereto as Exhibits B and C, respectively.

30.     By signing the Memorandum of Agreement, binding it to the MLDC Agreements, Universal agreed to subscribe to and be bound by the Agreements and Declarations of Trust of Plaintiff Funds.  See Ex. B, pp. 22-26; Ex. C, pp. 21-27.

31.     The CBAs require employers to remit contributions to each of the Plaintiff Funds "for each hour worked by each employee, covered by the terms of this Agreement," at rates set forth in Appendix A.  Id.  The CBAs also require employers to remit contributions to the New England Laborers' Health and Safety Fund, the New England Laborers' Labor-Management Cooperation Trust Fund, the Massachusetts Construction Advancement Program and the Massachusetts Laborers' Unified Trust.  Id. at 22, 27-29; 22, 23, 25-30.  Contributions are due by the 20th of the month following the month in which work was performed.  Employers that are delinquent in the payment of contributions are to be charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs of the action to collect the delinquency. Id. at 30-31.

32.     By certified letter dated October 3, 2001, the Funds notified Universal of its

obligation to remit contributions for **all** work performed by its laborer employees.  The letter

states, "As you know, your collective bargaining agreement applies to all laborers' work as set

forth in that collective bargaining agreement which is performed by employees of your company.

There is no exception for, or exclusion of, work that is performed on residential work, "small"

jobs, so-called non-union jobs where other contractors on the job do not have union contracts.

All of this work is covered by, and included in the contract with the Massachusetts Laborers'

District Council, the Rhode Island Laborers' District Council, the Connecticut Laborers' District

Council, and the Maine, New Hampshire and Vermont Laborers' District Council.  **The contract**

**covers all laborer employees whether they have joined the union or not.**  The contract covers

all employees performing laborers' jurisdiction work whether they are family members, college

students or anyone else that you may employ that does not seem to be the usual laborer from the

union hall." (emphasis in the original)  A copy of that letter with proof of service is attached

hereto as Exhibit D.

33.     The Funds regularly audit signatory employers' books and records to determine

their compliance with their contractual obligations.  On August 13, 2007, the Funds audited

Universal's books and records for the period July 2006 through June 2007.  In connection with

this audit, Universal provided the auditor with the records it claimed were the complete payroll

records for the July 2006 through June 2007 audit period.  On July 14, 2008, the Funds audited

Universal's payroll-related books and records for the period July 2007 through May 2008.  In

connection with this audit, Universal provided the auditor with the records it claimed were the

complete payroll records for the July 2007 through May 2008 audit period.  On May 7, 2009, the

Funds' auditor audited Universal's payroll-related books and records for the period June 2008

through April 2009.  In connection with this audit, Universal provided the auditor with the records it claimed were the complete payroll records for the June 2008 through April 2009 audit period.

34.     In or about March 2009, the Funds obtained information indicating that Universal was employing laborers who did not appear on its payroll records and for whom it was not remitting contributions.

35.     The Funds have confirmed, by means of documents obtained from general contractors, that Universal has repeatedly employed laborers without putting them on its payroll and without remitting contributions on their behalf.

36.     For example, records obtained from Walsh show that in November 2007, Universal employed five laborers on a time and materials job it performed for Walsh at Mt. Auburn Hospital in Cambridge, MA.  These employees' names and hours worked were listed on Universal work order ("WO") #24547, dated November 7, 2007, WO #24549, dated November 8, 2007 and WO #24550, dated November 9, 2007.  Universal billed Walsh for the hours worked by these employees at the rate of $61.00 per hour, which is the rate required to pay their wages and benefits under the CBA, together with taxes, etc.  Copies of these work orders and Universal's Invoice, dated November 19, 2007 and referencing these work orders are attached hereto as Exhibit E.

37.     Universal did not remit contributions for the five employees listed on Universal work order ("WO") #24547, dated November 7, 2007, WO #24549, dated November 8, 2007 and WO #24550, dated November 9, 2007.  Copies of Universal's remittance report for November 2007, which is attached hereto as Exhibit F, demonstrates that the individuals listed

on the work orders do not appear on the remittance reports submitted by Universal for that month.

38.     On information and belief, Universal owes the Funds $2,142.00 in contributions for the November 2007 hours worked by these employees.

39.     Universal worked on the same job for Walsh in October 2008 and submitted time and materials ("T&M") invoices for payment of the hours worked by its employees.  Invoice No. 17706, dated 10/22/08 references WO #37749 and represents 64 regular hours worked between October 14 and 17, 2008, to be paid at $63.00 per hour.  T&M Invoice No. 17766, dated 10/28/2008 references WO #37747 and represents 80 regular hours at $63.00 per hour and 6 overtime hours at $81.00 per hour worked between October 20 and 24, 2008.  It also references WO #37745 which represents 16 regular hours and 32 overtime hours at the same rates of pay for work performed on October 24 and 25, 2008.  T&M Invoice No. 17814 references WO #37737 and represents 64 regular hours and 4 overtime hours for work performed on October 27 and 28, 2008.  It also references WO #37738 covering 64 regular hours and 12 overtime hours for work performed on October 29 and 30, 2008 and WO #37739, covering 32 regular hours and 38 overtime hours worked on October 31 and November 1, 2008.  Copies of the three Invoices and Work Orders, the latter of which are all signed by Universal's job foreman, are attached hereto as Exhibit G.

40.     These invoices show a total of 384 regular hours and 28 overtime hours worked by Universal employees Luiz Martins, Rodrigo Pereira, Julio Calimerio and Djalma Santos, and billed to Walsh.  They are incorporated by reference in Walsh's Subcontract Change Order No. 4, dated November 18, 2008, and signed by Universal's Assistant Controller, Toni Pascuccio, on November 19, 2008.  This Change Order is referenced in Universal's application and

certification for payment also signed by Pascuccio on November 19, 2008.  It is also covered by

the sworn Interim Waiver of Lien and Release which identifies Universal as the Subcontractor

and is signed by Pascuccio on November 19, 2008.  This Waiver "warrants that, in order to

induce WBI to release this Interim Payment, it has paid in full each and every sub-subcontractor,

laborer, labor supplier, material supplier, or supplier of any other goods and services with whom

Subcontractor has dealt in connection with the Project."  Copies of the Change Order,

Application for Payment and Interim Waiver of Lien and Release are attached hereto as Exhibit

H.

41.     Universal did not remit contributions for Luiz Martins, Rodrigo Pereira, Julio

Calimerio and Djalma Santos for the hours listed on WO #37749,  WO #37747, WO #37745,

WO #37737,  WO #37738 and WO #37739.  The copy of Universal's remittance report for

October 2008, which is attached hereto as Exhibit I, demonstrates that the individuals listed on

the work orders do not appear on the remittance reports submitted by Universal for that month.

42.     On information and belief, Universal owes the Funds $7,725.00 in contributions

for the October 2008 hours worked by these employees.

43.     Universal also worked on this Walsh job in November 2008 and submitted T&M

invoices for payment of the hours worked by its employees.  Invoice No. 17909, dated 11/18/08

references WO #33991 and represents 56 regular hours worked on November 9, 2008, to be paid

at $63.00 per hour.  It also references WO #38408, citing 16 hours at $63.00 per hour for work

performed on November 10, 2008 and WO #38042, citing 48 regular hours at the same rate of

pay for work performed between November 12 and 14, 2008.  Copies of this Invoice and Work

Orders are attached hereto as Exhibit J.

44.     Invoice 17909 shows a total of 120 hours worked in November 2008 by Universal employees de Souza, Pinto, Marques, Calimerio, dos Santos, Pereira and Martins and billed to Walsh.  They are incorporated by reference in Walsh's Subcontract Change Order No. 5, dated December 16, 2008, and signed by Pascuccio on January 2, 2009.  This Change Order is referenced in Universal's Application and Certification for Payment, signed and dated December 16, 2008 and its sworn Interim Waiver of Lien and Release which identifies Universal as the Subcontractor and is signed by Pascuccio on December 30, 2008.  This Waiver also warrants payment in full to all laborers.  Copies of the Change Order, Application and Certification for Payment and Interim Waiver of Lien and Release are attached hereto as Exhibit K.

45.     Universal also submitted a Change Order Request to Walsh, dated November 12, 2008 that references WOs #37742, 37741, 38047 and 38040.  These WOs reference a total of 224 straight time and 151 overtime hours worked by Universal employees Julio Calimerio, Djalma dos Santos, Eduardo Pereira, Rodrigo Pereira, Luiz Martins, Maria de Souza, Eduardo Simeone, Anderson Zaque, Sergio Pinto, Julio Marques and Janaina Gobetti between November 3 and 8, 2008.  Copies of the Change Order Request and Work Orders are attached hereto as Exhibit L.

46.     Universal remitted contributions for 8 hours worked by dos Santos in November 2008, although 88 hours of straight time and 8 hours of overtime are listed on the WO and Universal Change Order.  It remitted 40 hours for Martins, although 48 hours of straight time and 5 hours of overtime are listed on these documents.  It remitted 121 hours of straight time and 32 hours of overtime for Simeone.  A copy of Universal's remittance report for November 2008, which is attached hereto as Exhibit M, demonstrates that Universal did not remit any contributions for de Souza, E. Pereira, Gobetti, Zaque, Pinto, Marques, Calimerio or R. Pereira.

De Souza, E. Pereira, Gobetti, Zaque, Pinto, Marques, Calimerio or R. Pereira also did not appear on Universal's November 2008 payroll records when they were reviewed by the Funds' auditor.

47.     On information and belief, Universal owes the Funds $8,400.00 in contributions for the hours worked by, but not already contributed for, employees dos Santos, Martins, Simeone, de Souza, E. Pereira, Gobetti, Zaque, Pinto, Marques, Calimerio and R. Pereira, in October 2008.

48.     Universal's failure to pay contributions for its employees was not limited to the Walsh job.  Universal performed work for Bovis Lend Lease LMB, Inc. at 179 Lincoln Street Boston, MA.  According to records obtained from Bovis, it submitted T&M Invoice No. 17869, dated November 12, 2008 for payment for work performed on that job on October 27, 28 and 30, 2008, citing *inter alia*, 8 hours each worked by employees Franco and Moura.  Copies of the Invoice (marked as "contract") and the Work Orders are attached hereto as Exhibit N.

49.     Universal remitted nothing for the 8 hours that Franco and V. Ferreira each worked.  See October 2008 Remittance Report attached hereto as Exhibit I.

50.     On information and belief, Universal owes the Funds $300.00 in contributions for the hours worked by, but not already contributed for, Franco and Ferreira in October 2008.

### *The MNHVLDC Agreement and Amounts Due for Hours Worked Thereunder by Unreported Universal Employees*

51.     In accordance with Universal's collective bargaining agreement with the MNHVLDC, it is obligated to remit contributions to the Massachusetts Laborers' Benefit Funds for all work performed by its laborers under the terms of that agreement.  A copy of the relevant pages of the most recent MNHVLDC Agreement is attached hereto as Exhibit O; see also

Exhibit D (notifying Universal of its obligation to remit contributions for **all** work performed by its laborer employees).

52.     Universal worked as a subcontractor for Shawmut at the University of New Hampshire in Durham, NH in May and June 2009.  According to records obtained from Shawmut, Universal employees Rodriguez, Guart, Ramos, Furez, Estrada, Aquilar, Castilho and Gomes worked a total of 306 hours on the job in June 2009.  Copies of Work Orders submitted by Universal to Shawmut for these laborers' hours are attached hereto as Exhibit P.

53.     None of the hours on the Work Orders attached as Exhibit P, appear on the Remittance Report Universal submitted to the Funds for June 2009 contributions.  A copy of that report is attached hereto as Exhibit Q.

54.     On information and belief, Universal owes the Funds $4,780.40 in contributions for the June 2009 hours worked by employees Rodriguez, Guart, Ramos, Furez, Estrada, Aquilar, Castilho and Gomes.

***Universal's Use of Other Entities to Evade Its Obligation to Remit Contributions***

55.     On information and belief, Universal uses checks with its d/b/a identities Manny, Ana's, Gomes, UCS or others, or the checks of JSX or Capital, to pay Universal's laborer employees when Universal excludes them from its payroll records and does not remit contributions on their behalf.

56.     These same employees intermittently appear on Universal's payroll records.  For example, Luiz Martins, Rodrigo Pereira, Julio Calimerio and Djalma Santos, the four employees for whom contributions were not remitted for the Walsh job in October 2008, have appeared on other Universal remittance reports as follows:  Martins was reported for May and December 2008 and February and April 2009; Calimerio was reported for February and March 2008;

Santos was reported for January through August 2008, for 8 hours in September 2008, and for November and December 2008 and February and April 2009; Pereira was reported in February 2009.  Similarly, although contributions were not remitted for November 2008 work performed by Eduardo Pereira, Maria de Souza, Anderson Zaque, Sergio Pinto, Julio Marques and Janaina Gobetti on the Walsh job, these individuals have appeared on other Universal reports submitted to the Funds.  For example, Eduardo Pereira is on the March, April and May 2009 remittance reports; Anderson Zaque (Zacche) is on the January, February, April and May 2009 reports, Julio Marques is on the January 2009 report (without contributions) and the May 2009 report; Janaina Gobetti is on the April and May 2009 reports.

### *Universal's Current Delinquencies for Reported Employees*

57.     Universal remitted contributions for May, June and July 2009.  However, the accuracy of these payments has not yet been verified by an audit.  Universal is delinquent for the months of August and September, 2009.  Although the extent of its liability for these months is unknown, Universal agreed to cover it from monies it is owed from a general contractor, totaling $497,355.99 "if and when these funds become available."  A copy of that agreement is attached hereto as Exhibit R.  However, that payment has not yet been made and there is no date certain as to when it will be.  In the event that that amount is not paid, Universal's liability for August and September 2009 will be added to this Complaint as an element of Universal's outstanding liability.

58.     Universal is also delinquent for October 2009.  Although the extent of its liability for October 2009 is as yet unknown, it has been remitting approximately $200,000 per month.  Therefore, on information and belief, it owes approximately $200,000 in contributions for work performed in October 2009.

## COUNT I - VIOLATION OF ERISA

59.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 58 above.

60.     The failure of Universal Construction Services Inc. -- in its own name and as it is or has been doing business as Manny Construction Co., Ana's Commercial Cleaning, Inc. or Gomes Commercial Cleaning, Inc., or through JSX Construction Company, Inc. a/k/a JSX Construction Company Corp. or Capital Construction Cleaning Services, Inc. -- to make payment of all contributions owed on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

61.     In paying Universal's employees for their work performed for Universal, JSX Construction Company, Inc. is acting as Universal's alter ego.

62.     In paying Universal's employees for their work performed for Universal, Capital Construction Cleaning Services, Inc. is acting as Universal's alter ego.

63.     Section 502(g)(2) of ERISA provides that a fiduciary of a multi-employer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, audit fees and costs and other appropriate legal and equitable relief.  29 U.S.C. §1132(g)(2).

64.     Absent an order from this Court, Universal will continue to fail and refuse to pay all of the monies it owes to the Funds, as a result of which the Funds and their participants will be irreparably damaged.

65.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENTS

66.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 65 above.

67.     The MLDC and the MNHVLDC Agreements are agreements under §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185.

68.     The failure of Universal Construction Services Inc., in its own name and as it is or has been doing business as Manny Construction Co., Ana's Commercial Cleaning, Inc. and Gomes Commercial Cleaning, Inc. and through JSX Construction Company, Inc. a/k/a JSX Construction Company Corp. and Capital Construction Cleaning Services, Inc. to make contributions to Plaintiff Funds as well as to the New England Laborers Health and Safety Fund, the New England Laborers' Labor-Management Cooperation Trust Fund, the Massachusetts Construction Advancement Program and the Massachusetts Laborers' Unified Trust on behalf of all covered employees violates the terms of the MLDC Agreement and the MNHVLDC Agreement.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a.     Order the attachment by trustee process of the bank accounts of Universal Construction Services, Inc. in its own name and in the names of Manny Construction Co., Ana's Commercial Cleaning, Inc. and Gomes Commercial Cleaning, Inc. and JSX Construction Company, Inc. a/k/a JSX Construction Company Corp. and Capital Construction Cleaning Services, Inc. held by Citizens Bank, Century Bank and Bank of America;

b.     Order the attachment of the machinery, inventory and accounts receivable of Universal Construction Services, Inc. in its own name and in the names of Manny Construction Co., Ana's Commercial Cleaning, Inc. and Gomes Commercial Cleaning, Inc. and JSX

Construction Company, Inc. a/k/a JSX Construction Company Corp. and Capital Construction Cleaning Services, Inc.;

     c.     Enter a preliminary and permanent injunction enjoining Universal, JSX and Capital from refusing or failing to pay all contributions owed for all covered employees;

     d.     Order Universal, JSX and Capital to make available to the Plaintiff Funds or their duly authorized representative all of their payroll and contract-related records, including, but not limited to, payroll tax returns, corporate tax returns, weekly payroll registers, certified payrolls, cash disbursement journals; a complete listing of all job locations for the period December 2003 until the date of the Court's order; all time and materials slips, purchase orders and receipts for all jobs worked between December 2003 and the date of the Court's order; all for the purpose of ascertaining the amounts, if any, of unpaid contributions still owed for that period;

     e.     Enter a preliminary and permanent injunction enjoining Universal, JSX and Capital from refusing or failing to permit the Plaintiff Funds to audit these records as prayed for in the preceding paragraph;

     f.     Enter a preliminary and permanent injunction enjoining the Reach-and-Apply Defendants Suffolk Construction Company, Inc., Walsh Brothers Incorporated, Bovis Lend Lease Holdings, Inc., Tishman Construction Corporation of Massachusetts, Kirkland Construction Co., Inc., Shawmut Woodworking & Supply, Inc. d/b/a Shawmut Design and Construction, William A. Berry & Son, Inc. and Timberline Construction Corp. and each of them, from paying any money they owe to Defendant pending further order of this Court;

     g.     Enter judgment on Counts I and II in favor of the Funds in the amount of $23,347.40, representing the liquidated amounts owed for November 2007, October and November 2008 and June 2009, plus any additional amounts determined by the Court to be owed

the Funds or which may become due during the pendency of this action, including but not limited to the contributions owed for October 2009, together with interest on the unpaid contributions at 10 per cent per annum, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

      h.     Such further and other relief as this Court deems appropriate.

              Respectfully submitted,

              BARRY C. McANARNEY, as he is
              EXECUTIVE DIRECTOR,
              MASSACHUSETTS LABORERS'
              HEALTH AND WELFARE FUND, *et al.*,

              By their attorneys,

              /s/ Anne R. Sills
              Anne R. Sills, Esquire
              BBO #546576
              Indira Talwani
              BBO #645577
              Segal Roitman, LLP
              111 Devonshire Street, 5th Floor
              Boston, MA  02109
              (617) 742-0208 Ext. 232
              asills@segalroitman.com

Dated:  December 15, 2009

ARS/ars&ts
6306 09-193/complt.doc