UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

BARRY C. McANARNEY, as he is EXECUTIVE
DIRECTOR, MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND,
MASSACHUSETTS LABORERS' PENSION FUND
and MASSACHUSETTS LABORERS' ANNUITY
FUND; and JAMES V. MERLONI, JR., as he is
ADMINISTRATOR, NEW ENGLAND LABORERS'
TRAINING TRUST FUND and TRUSTEE,
MASSACHUSETTS LABORERS' LEGAL
SERVICES FUND,

        Plaintiffs,

        v.

UNIVERSAL CONSTRUCTION SERVICES, INC. in
its own name and d/b/a MANNY CONSTRUCTION
CO., ANA'S COMMERCIAL CLEANING, INC.,
GOMES COMMERCIAL CLEANING, INC. and UCS,
INC.; JSX CONSTRUCTION COMPANY, INC. a/k/a
JSX CONSTRUCTION COMPANY CORP. and
CAPITAL CONSTRUCTION CLEANING SERVICES,
INC.,

        Defendants,

        and

SUFFOLK CONSTRUCTION COMPANY, INC.,
WALSH BROTHERS INCORPORATED, BOVIS
LEND LEASE LMB, INC., TISHMAN
CONSTRUCTION CORPORATION OF
MASSACHUSETTS, KIRKLAND CONSTRUCTION
CO., INC., SHAWMUT WOODWORKING &
SUPPLY, INC. d/b/a SHAWMUT DESIGN AND
CONSTRUCTION, WILLIAM A. BERRY & SON,
INC. and TIMBERLINE CONSTRUCTION CORP.,

        Reach-and-Apply Defendants,

        and

CITIZENS BANK, CENTURY BANK and BANK OF
AMERICA,

        Trustees.

CIVIL ACTION No. 09-CV-12117-NG

B3715379.2

## ANSWER OF DEFENDANT UNIVERSAL CONSTRUCTION SERVICES, INC.

Defendant Universal Construction Services, Inc. ("Universal") hereby answers the Complaint. All allegations are denied unless expressly admitted.

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

As to each of the numbered paragraphs of the Complaint, Universal responds as follows:

1.      Paragraph 1 of the Complaint asserts a legal conclusion to which no responsive pleading is required. To the extent that paragraph 1 contains any factual allegations, Universal denies those allegations.

2.      Universal admits the allegations of paragraph 2 of the Complaint.

3.      The allegation in paragraph 3 of the Complaint that the Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" is a legal conclusion to which no responsive pleading is required. Universal admits the remaining allegations of paragraph 3 of the Complaint.

4.      The allegation in paragraph 4 of the Complaint that the Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" is a legal conclusion to which no responsive pleading is required. Universal admits the remaining allegations of paragraph 4 of the Complaint.

5.      The allegation in paragraph 5 of the Complaint that the Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" is a legal conclusion to which no responsive pleading is required  Universal admits the remaining allegations of paragraph 5 of the Complaint.

6.      The allegation in paragraph 6 of the Complaint that the New England Laborers' Training Trust Fund is an "employee welfare benefit plan" is a legal conclusion to which no

B3715379.2

responsive pleading is required.  Universal admits the remaining allegations of paragraph 6 of the Complaint.

7.      The allegation in paragraph 7 of the Complaint that the Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" is a legal conclusion to which no responsive pleading is required.  Universal admits the remaining allegations of paragraph 7 of the Complaint.

8.      The allegation in paragraph 8 of the Complaint that the Health and Welfare, Pension, Annuity, Training, and Legal Services Funds (collectively "the Funds") are multi-employer plans is a legal conclusion to which no responsive pleading is required.  To the extent that paragraph 8 contains any factual allegations, Universal denies those allegations.

9.      The allegation in paragraph 9 of the Complaint that Universal is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185 is a legal conclusion to which no responsive pleading is required.  As to the remaining allegations of paragraph 9 of the Complaint, Universal admits it is a Massachusetts corporation with a principal place of business at 34 Broadway, Wakefield, Massachusetts 01880 and otherwise denies the allegations.

10.     Universal denies that Jamie P. Ford holds the position of Chief Financial Officer, and otherwise admits the allegations of paragraph 10 of the Complaint.

11.     Universal lacks knowledge or information sufficient to form a belief as to whether Manny Construction Co. is registered with the Secretary of State Corporations Division and otherwise denies the allegations of paragraph 11 of the Complaint.

12.      Universal lacks knowledge or information sufficient to form a belief as to whether Ana's Commercial Cleaning, Inc. is registered with the Secretary of State Corporations Division and otherwise denies the allegations of paragraph 12 of the Complaint.

13.      Universal lacks knowledge or information sufficient to form a belief as to whether Gomes Commercial Cleaning, Inc. ("Gomes") is registered with the Secretary of State Corporations Division and otherwise denies the allegations of paragraph 13 of the Complaint.

14.      Universal lacks knowledge or information sufficient to form a belief as to Plaintiffs' meaning of the word "list" and otherwise denies the allegations of paragraph 14 of the Complaint.

15.      Universal denies that it is using JSX Construction Company ("JSX") "to pay Universal employees in order to evade Universal's obligations to remit contributions to the Funds on behalf of Universal employees" and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 of the Complaint.

16.      Universal denies that it is using Capital Construction Cleaning Services, Inc. "to pay Universal employees in order to evade Universal's obligations to remit contributions to the Funds on behalf of Universal employees" and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of the Complaint.

17.      Universal lacks knowledge or information sufficient to form a belief as to whether Citizens Bank holds JSX assets and otherwise denies the allegations of paragraph 17 of the Complaint.

B3715379.2

18.     Universal admits that Century Bank is a banking institution holding assets of Universal in its own name and otherwise denies the allegations of paragraph 18 of the Complaint.

19.     Universal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 of the Complaint.

20.     Universal admits that Suffolk Construction Company, Inc. owes money to Universal and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 of the Complaint.

21.     Universal admits that Walsh Brothers owes money to Universal and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 21 of the Complaint.

22.     Universal admits that Bovis Lend Lease LMB, Inc. owes money to Universal and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22 of the Complaint.

23.     Universal admits that Tishman Construction Corporation of Massachusetts owes money to Universal and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23 of the Complaint.

24.     Universal denies that Kirkland Construction Co., Inc. owes money to Universal and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 of the Complaint.

25.     Universal admits that Shawmut Woodworking and Supply, Inc. owes money to Universal and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25 of the Complaint.

26.    Universal admits that William A. Berry & Son, Inc. owes money to Universal and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 26 of the Complaint.

27.    Universal denies that Timberline Construction Corp. owes money to Universal and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 27 of the Complaint.

28.    Universal admits that it signed the memorandum of agreement and that no notice of termination has been given and otherwise states that the memorandum speaks for itself.

29.    Universal states that paragraph 29 asserts a legal conclusion to which no responsive pleading is required.  To the extent that paragraph 29 asserts any factual allegations, Universal lacks knowledge or information sufficient to form a belief as to Plaintiffs' meaning of the word "relevant" and otherwise states that the referenced memorandum and pages from the 2004-2008 and 2008-2012 collective bargaining agreements speak for themselves.

30.    Universal states that paragraph 30 asserts a legal conclusion to which no responsive pleading is required.  To the extent that paragraph 30 asserts any factual allegations, Universal states that the referenced memorandum and pages from the 2004-2008 and 2008-2012 collective bargaining agreements speak for themselves.

31.    Universal states that the agreements referenced speak for themselves.

32.    Universal admits that the Funds sent it the letter, which is attached to the Complaint as Exhibit D, and otherwise states that the letter speaks for itself.

33.    Universal admits that the Funds audit signatory employers' books and records but lacks knowledge or information sufficient to form a belief as to Plaintiffs' use of the word "regularly." Universal further admits that the Funds conducted the specified audits and that it

- 6 -

provided complete payroll records for each audit.  Universal denies the allegations of paragraph 33 of the Complaint to the extent that the allegations suggest that the provided payroll records were incomplete, inaccurate or false.

34.     Universal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding what information the Funds claim to have obtained and otherwise denies the allegations of paragraph 34 of the Complaint.

35.     Universal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding what documents the Funds claim to have obtained and what the Funds claim to have confirmed with such documents and otherwise denies the allegations of paragraph 35 of the Complaint.

36.     Universal states that the work orders and invoices referenced speak for themselves and otherwise denies the allegations of paragraph 36 of the Complaint.

37.     Universal states that the remittance reports referenced speak for themselves and otherwise denies the allegations of paragraph 37 of the Complaint.

38.     Universal denies the allegations of paragraph 38 of the Complaint.

39.     Universal states that the invoices and work orders referenced speak for themselves and otherwise denies the allegations of paragraph 39 of the Complaint.

40.     Universal states that the documents referenced speak for themselves and otherwise denies the allegations of paragraph 40 of the Complaint.

41.     Universal states that the remittance reports referenced speak for themselves and otherwise denies the allegations of paragraph 41 of the Complaint.

42.     Universal denies the allegations of paragraph 42 of the Complaint.

B3715379.2

43.     Universal states that the documents referenced speak for themselves and otherwise denies the allegations of paragraph 43 of the Complaint.

44.     Universal states that the documents referenced speak for themselves and otherwise denies the allegations of paragraph 44 of the Complaint.

45.     Universal states that the documents referenced speak for themselves and otherwise denies the allegations of paragraph 45 of the Complaint.

46.     Universal states that the documents referenced speak for themselves and otherwise denies the allegations of paragraph 46 of the Complaint.

47.     Universal denies the allegations of paragraph 47 of the Complaint.

48.     Universal states that the document referenced speaks for itself and otherwise denies the allegations of paragraph 48 of the Complaint.

49.     Universal states that the document referenced speaks for itself and otherwise denies the allegations of paragraph 49 of the Complaint.

50.     Universal denies the allegations of paragraph 50 of the Complaint.

51.     Paragraph 51 asserts a legal conclusion to which no responsive pleading is required.  To the extent that paragraph 51 states any factual allegations, Universal lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' use of the word "relevant," states that the agreement and letter referenced speak for themselves and otherwise denies the allegations.

52.     Universal states that the work orders referenced speak for themselves and otherwise denies the allegations of paragraph 52 of the Complaint.

53.     Universal states that the report referenced speaks for itself and otherwise denies the allegations of paragraph 53 of the Complaint.

54.     Universal denies the allegations of paragraph 54 of the Complaint.

55.     Universal denies the allegations of paragraph 55 of the Complaint.

56.     Universal states that the remittance reports referenced speak for themselves, lacks knowledge or information sufficient to form a belief as to Plaintiffs' use of the words "intermittently" or "same employees" and otherwise denies the allegations of paragraph 56 of the Complaint.

57.     Universal admits that it remitted contributions for May, June and July 2009, states that the agreement referenced speaks for itself and otherwise denies the remaining allegations of paragraph 57 of the Complaint.

58.     Universal denies the allegations of paragraph 58 of the Complaint.

59.     Universal repeats its responses to paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60.     Universal denies the allegations of paragraph 60 of the Complaint.

61.     Universal denies the allegations of paragraph 61 of the Complaint.

62.     Universal denies the allegations of paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint asserts a legal conclusion to which no responsive pleading is required.  To the extent paragraph 63 contains any factual allegations, Universal denies those allegations.

64.     Universal denies the allegations of paragraph 64 of the Complaint.

65.     Universal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 65 of the Complaint.

66.     Universal repeats its responses to paragraphs 1 through 65 of the Complaint as if fully set forth herein.

B3715379.2

67.     Paragraph 67 of the Complaint asserts a legal conclusion to which no responsive pleading is required.  To the extent paragraph 67 contains any factual allegations, Universal denies those allegations.

68.     Universal denies the allegations of paragraph 68 of the Complaint.

Universal denies that the Plaintiffs are entitled to the relief requested in paragraphs a-h of the Complaint.

THIRD DEFENSE

Some or all conduct alleged in the Complaint is due to a third party or third parties not named in the Complaint.

FOURTH DEFENSE

The Plaintiffs have failed to join necessary parties.

FIFTH DEFENSE

Plaintiffs' injuries, if any, were caused by the actions or omissions of those for whom Universal was not legally responsible.

SIXTH DEFENSE

Some or all of the conduct alleged in the Complaint occurred outside the jurisdiction of the collective bargaining agreements.

SEVENTH DEFENSE

Some or all of the conduct alleged in the Complaint was permitted by the terms of the collective bargaining agreements, including but not limited to the subcontracting provision.

EIGHTH DEFENSE

B3715379.2

Neither Manny Construction, Ana's Commercial Cleaning, Gomes Commercial Cleaning, JSX, Capital Construction nor USC is an alter egos of Universal; nor are they single employers with Universal.

## NINTH DEFENSE

Some or all of Plaintiffs' claims are barred by the statute of limitations.

## TENTH DEFENSE

Some or all of the Plaintiffs' claims are barred by the doctrine of laches.

## ELEVENTH DEFENSE

Some or all of the Plaintiffs' claims are barred by the doctrine of estoppel.

## TWELFTH DEFENSE

Some or all of the Plaintiffs' claims are barred by the doctrine of waiver.

## THIRTEENTH DEFENSE

Some or all of the Plaintiffs' claims are barred by the doctrine of res judicata.

## FOURTEENTH DEFENSE

Some or all of the Plaintiffs' claims are barred by a prior judgment.

## FIFTEENTH DEFENSE

Plaintiffs' request for preliminary and/or permanent injunctive relief is barred, because they are unlikely to succeed on the merits of their claims; they cannot demonstrate irreparable harm; and the balance of harms favors Universal.

WHEREFORE, Universal respectfully requests that the Court dismiss the Complaint in its entirety, award it attorneys' fees and costs and grant such other and further relief as the Court deems just and proper.

B3715379.2

UNIVERSAL CONSTRUCTION
SERVICES, INC.

Respectfully submitted,
By its attorneys,


/s/ Robert A. Fisher
Jeffrey H. Lerer, BBO # 294500
jlerer@foleyhoag.com
Robert A. Fisher, BBO # 643797
rfisher@foleyhoag.com
Foley Hoag LLP
Seaport West
155 Seaport Boulevard
February 2, 2010                    Boston, Massachusetts 02210-2600
Telephone:  617 832 1000
Facsimile:  617 832 7000


## Certificate of Service

I, Robert A. Fisher, counsel for Defendant Universal Construction Services, Inc., do
hereby certify that on this 2nd day of February, 2010, I electronically filed the foregoing
document with the Clerk of the Court using the CM/ECF system which will send notification of
such filing to each other party by electronically serving their counsel of record.

/s/ Robert A. Fisher
Robert A. Fisher

B3715379.2