UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

BARRY C. McANARNEY, as he is EXECUTIVE
DIRECTOR, MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND,
MASSACHUSETTS LABORERS' PENSION FUND
and MASSACHUSETTS LABORERS' ANNUITY
FUND; and JAMES V. MERLONI, JR., as he is
ADMINISTRATOR, NEW ENGLAND LABORERS'
TRAINING TRUST FUND and TRUSTEE,
MASSACHUSETTS LABORERS' LEGAL
SERVICES FUND,

          Plaintiffs,

    v.

UNIVERSAL CONSTRUCTION SERVICES, INC. in
its own name and d/b/a MANNY CONSTRUCTION
CO., ANA'S COMMERCIAL CLEANING, INC.,
GOMES COMMERCIAL CLEANING, INC. and UCS,
INC.; JSX CONSTRUCTION COMPANY, INC. a/k/a
JSX CONSTRUCTION COMPANY CORP. and
CAPITAL CONSTRUCTION CLEANING SERVICES,
INC.,

          Defendants,

      and

SUFFOLK CONSTRUCTION COMPANY, INC.,
WALSH BROTHERS INCORPORATED, BOVIS
LEND LEASE LMB, INC., TISHMAN
CONSTRUCTION CORPORATION OF
MASSACHUSETTS, KIRKLAND CONSTRUCTION
CO., INC., SHAWMUT WOODWORKING &
SUPPLY, INC. d/b/a SHAWMUT DESIGN AND
CONSTRUCTION, WILLIAM A. BERRY & SON,
INC. and TIMBERLINE CONSTRUCTION CORP.,

          Reach-and-Apply Defendants,

      and

CITIZENS BANK, CENTURY BANK and BANK OF
AMERICA,

          Trustees.

CIVIL ACTION No. 09-CV-12117-NG

B3715428.1

## ANSWER OF DEFENDANT UCS SERVICES, INC.

Defendant UCS Services, Inc. ("UCS")[1] hereby answers the Complaint. All allegations are denied unless expressly admitted.

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

As to each of the numbered paragraphs of the Complaint, USC responds as follows:

1.      Paragraph 1 of the Complaint asserts a legal conclusion to which no responsive pleading is required. To the extent that paragraph 1 contains any factual allegations, UCS denies those allegations.

2.      UCS admits the allegations of paragraph 2 of the Complaint.

3.      The allegation in paragraph 3 of the Complaint that the Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" is a legal conclusion to which no responsive pleading is required. To the extent that paragraph 3 contains any factual allegations, UCS lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

4.      The allegation in paragraph 4 of the Complaint that the Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" is a legal conclusion to which no responsive pleading is required. To the extent that paragraph 4 contains any factual allegations, UCS lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

5.      The allegation in paragraph 5 of the Complaint that the Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" is a legal conclusion to which no responsive

---

[1]   The Complaint incorrectly identifies UCS as UCS, Inc.

pleading is required.  To the extent that paragraph 5 contains any factual allegations, UCS lacks

knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

6.     The allegation in paragraph 6 of the Complaint that the New England Laborers'

Training Trust Fund is an "employee welfare benefit plan" is a legal conclusion to which no

responsive pleading is required.  To the extent that paragraph 6 contains any factual allegations,

UCS lacks knowledge or information sufficient to form a belief as to the truth or falsity of those

allegations.

7.     The allegation in paragraph 7 of the Complaint that the Massachusetts Laborers'

Legal Services Fund is an "employee welfare benefit plan" is a legal conclusion to which no

responsive pleading is required.  To the extent that paragraph 7 contains any factual allegations,

UCS lacks knowledge or information sufficient to form a belief as to the truth or falsity of those

allegations.

8.     The allegation in paragraph 8 of the Complaint that the Health and Welfare,

Pension, Annuity, Training, and Legal Services Funds (collectively "the Funds") are multi-

employer plans is a legal conclusion to which no responsive pleading is required.  The remaining

allegations of paragraph 8 of the Complaint are directed at Defendant Universal Construction

Services, Inc. ("Universal").  To the extent that any allegations are directed at UCS, UCS lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of

paragraph 8 of the Complaint.

9-13.   Paragraphs 9-13 are directed at Defendant Universal and thus no responsive

pleading from UCS is required.  To the extent that any of these allegations are directed at UCS,

UCS states that it lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations of paragraphs 9-13 of the Complaint.

- 3 -

14.     UCS lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' use of the word "lists" and otherwise denies the allegations of paragraph 14 of the Complaint.

15-58.  The allegations of paragraphs 15 through 58 of the Complaint are directed at Defendant Universal.  To the extent that any allegations are directed at UCS, UCS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 15-58 of the Complaint.

59.     UCS repeats its responses to paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60-62.  The allegations of paragraphs 60 through 62 of the Complaint are directed at Defendant Universal.  To the extent that any allegations are directed at UCS, UCS denies those allegations.

63.     Paragraph 63 of the Complaint asserts a legal conclusion to which no responsive pleading is required.  To the extent that paragraph 63 asserts any factual allegations, UCS denies those allegations.

64.     The allegations of paragraphs 64 of the Complaint are directed at Defendant Universal.  To the extent that any allegations are directed at UCS, UCS denies the allegations of paragraphs 64 of the Complaint.

65.     UCS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 65 of the Complaint.

66.     UCS repeats its responses to paragraphs 1 through 65 of the Complaint as if fully set forth herein.

B3715428.1

67.     Paragraph 67 of the Complaint asserts a legal conclusion to which no responsive pleading is required.  To the paragraph 67 contains any factual allegations, UCS denies those allegations.

68.     The allegations of paragraphs 68 of the Complaint are directed at Defendant Universal.  To the extent that any allegations are directed at UCS, denies those allegations.

UCS denies that the Plaintiffs are entitled to the relief requested in paragraphs a-h of the Complaint.

## THIRD DEFENSE

UCS is not and was not a signatory to any collective bargaining agreement and therefore is not and was not a contributing employer to any of the Plaintiffs.

## FOURTH DEFENSE

The Plaintiffs have failed to join necessary parties.

## FIFTH DEFENSE

Plaintiffs' injuries, if any, were caused by the actions or omissions of those for whom USC was not legally responsible.

## SIXTH DEFENSE

Some or all of the conduct alleged in the Complaint occurred outside the jurisdiction of the collective bargaining agreements.

## SEVENTH DEFENSE

UCS is not the alter ego of Defendant Universal.

## EIGHTH DEFENSE

UCS and Universal are not a single employer.

## NINTH DEFENSE

B3715428.1

Some or all of Plaintiffs' claims are barred by the statute of limitations.

### TENTH DEFENSE

Some or all of the Plaintiffs' claims are barred by the doctrine of laches.

### ELEVENTH DEFENSE

Some or all of the Plaintiffs' claims are barred by the doctrine of estoppel.

### TWELFTH DEFENSE

Some or all of the Plaintiffs' claims are barred by the doctrine of waiver.

### THIRTEENTH DEFENSE

Some or all of the Plaintiffs' claims are barred by the doctrine of res judicata.

### FOURTEENTH DEFENSE

Some or all of the Plaintiffs' claims are barred by a prior judgment.

### FIFTEENTH DEFENSE

Plaintiffs' request for preliminary and/or permanent injunctive relief is barred, because they are unlikely to succeed on the merits of their claims; they cannot demonstrate irreparable harm and the balance of harms favors USC.

WHEREFORE, UCS respectfully requests that the Court dismiss the Complaint in its entirety, award it attorneys' fees and costs and grant such other and further relief as the Court deems just and proper.

B3715428.1

UCS SERVICES, INC.

Respectfully submitted,
By its attorneys,


/s/  Robert A. Fisher
Jeffrey H. Lerer, BBO # 294500
jlerer@foleyhoag.com
Robert A. Fisher, BBO # 643797
rfisher@foleyhoag.com
Foley Hoag LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
Telephone:  617 832 1000
February 2, 2010                  Facsimile:  617 832 7000


## Certificate of Service

I, Robert A. Fisher, counsel for Defendant UCS Services, Inc., do hereby certify that on this 2nd day of February, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to each other party by electronically serving their counsel of record.

/s/  Robert A. Fisher
Robert A. Fisher

B3715428.1